Isaac Pettigrew
235 East 95th Street
(917)-294-0757
Ip.access.090@gmail.com

### THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Isaac Pettigrew** | ) |
|         Claimant, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| **LVNV FUNDING LLC** | ) Jury Trial    Yes ✓    No |
| **RESURGENT CAPITAL SERVICES LP** | ) |
| | ) |
| | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This action arises out of multiple violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq., hereinafter "FDCPA"), the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq., hereinafter "FCRA"), and New York General Business Law § 349 (hereinafter "GBL § 349") by LVNV Funding LLC and Resurgent Capital Services L.P, hereinafter "LVNV" and "Resurgent," in their repeated unlawful efforts to collect and/or report inaccurate credit information regarding the Plaintiff.

## BASIS OF JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C § 1681(p), and 28 U.S.C § 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff claim occurred in this judicial district.

## PARTIES

3. Claimant, Isaac Pettigrew (hereinafter "Plaintiff" ) is a resident of New York County in the state of New York state, a natural person, and a consumer as defined in 15 U.S.C § 1681a(c).

4. Upon information and belief, Defendants LVNV Funding LLC and Resurgent Capital Services L.P are defined as "persons" as defined by 15 U.S.C. § 1681a(b).

5. Defendant Resurgent Capital Services L.P. is a collection agency doing business at all relevant times in the State of New York and may be served with process by serving its corporate address for service of process at 80 State Street, Albany, NY, United States, 12207, C/O Corporation Service Company.

6. Upon information and belief, Defendant Resurgent Capital Services L.P. is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

7. Defendant Resurgent Capital Services L.P. is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

8. Defendant LVNV Funding LLC ("LVNV") is a debt collector doing business at all relevant times in the State of New York and may be served with process by serving its corporate address for service of process at 80 State Street, Albany, NY, United States, 12207, C/O Corporation Service Company.

9. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

10. Defendant LVNV is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS

11. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

12. Congress recognized that there are four social ills caused by abusive debt collection: (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy. Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

13. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows

    (a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy.**
    (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
    (c) Means other than **misrepresentation** or other **abusive debt collection practices** are available for the effective collection of debts.
    (d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
    (e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

(Emphasis added).

## FACTS OF THE ALLEGATIONS

14. On September 25, 2024, the plaintiff examined his credit report and observed inaccurate information regarding his account, xxxxxxxxxxxx7847, as reported by Experian, Equifax and TransUnion.

15. The plaintiff filed a dispute with the consumer reporting agencies Experian, Equifax and TransUnion regarding inaccurate and incomplete account status for the account mentioned above on the same day.

16. The reporting agencies subsequently forwarded the dispute to the defendants, the results were verified on 10/5/24 for Equifax #4269546006 and Transunion # 000452564845 yet the information was still brazenly inaccurate. (See Exhibits A and B for xxxxxxxxxxxx7847.)

17. Upon information and belief, defendants failed to conduct a reasonable investigation under the Fair Credit Reporting Act after receiving disputes from the plaintiff via the consumer reporting agency Equifax, as the company verified the disputed items on the plaintiff's

credit report in just nine days. Then the inaccurate information was verified on TransUnion as well soon after.

18. Defendants confirmed inaccurate information accurate and updated with both consumer reporting agencies without performing a reasonable investigation, as the disputed items remained glaringly incorrect and incomplete.

19. Plaintiff also sent LVNV a letter regarding the error which was received on around September 12th, 2024. Despite this, defendants failed to correct the issue.

20. Upon further investigation, Plaintiff reviewed his prior credit reports and identified that inaccuracies had been persistently reported for a period of one year, thereby establishing that Defendants fail to routinely conduct the requisite inspection or updating of their accounts as mandated.

21. This marked the first instance of negligence.

22. On or around October 17th, 2024 the plaintiff examined his credit report and observed inaccurate information regarding the actual payment information on his account, xxxxxxxxxxxx7847, as reported by Equifax.

23. The plaintiff filed a dispute with the consumer reporting agency Equifax regarding the incomplete and inaccurate actual payment information. account status for the account mentioned above on the same day.

24. The reporting agency subsequently forwarded the dispute to the defendants, The results were verified on 10/21/24 for Equifax #4291554962.

25. Defendants failed to request any additional documentation or information prior to updating the account status.

26. Defendants also failed to provide account-level documentation prior to modifying the account status, thereby failing to comply with the requisite standards for a proper investigation.

27. This marked the second instance of negligence.

28. Defendants' actions were willful because the Plaintiff has repeatedly made disputes to the same account, yet defendants consistently failed to properly update, block, or delete the disputed account as required by the Fair Credit Reporting Act.

29. Defendants have demonstrated a consistent pattern of negligence by failing to address multiple disputes submitted by Plaintiff concerning inaccuracies in credit reporting. Despite Plaintiff's repeated efforts to notify Defendants of the inaccuracies, they failed to take appropriate corrective action or conduct the requisite investigations as required under the FCRA.

30. The first round of disputes involved inaccurate account status information reported across all three major consumer reporting agencies. Plaintiff submitted written disputes to Defendants directly, as well as through the consumer reporting agencies (CRAs). However, Defendants failed to conduct a reasonable investigation or take corrective action, in violation of the FCRA.

31. Simply marking an account as "updated" without conducting a proper investigation and correcting the underlying inaccuracies does not constitute a reasonable investigation as required under 15 U.S.C. § 1681s-2(b). The failure to thoroughly investigate the disputed information and take appropriate corrective action is a violation of the Fair Credit Reporting Act.

32. The second round of disputes involved repeated attempts by Plaintiff to rectify incomplete and inaccurate payment history reported by Defendants. Disputes were submitted directly through the CRAs, yet Defendants failed to investigate or address the inaccuracies properly. Although Defendants eventually deleted one of the disputed accounts from a single CRA, they left the same account inaccurately reported with another CRA, further evidencing negligence in their handling of Plaintiff's credit information.

33. Defendants' failure to consistently address or investigate Plaintiff's disputes in a timely and comprehensive manner constitutes a violation of their duties under the FCRA and related consumer protection statutes. The actions, or lack thereof, indicate Defendants' ongoing noncompliance with the law and their failure to uphold the standards required under the FCRA.

34. Defendants' repeated failure to address Plaintiff's disputes, when considered in conjunction with the other incidents outlined herein, creates a clear picture of habitual negligence. This conduct demonstrates a willful or negligent disregard for their obligations under federal law, further reinforcing Plaintiff's claims of wrongful actions and statutory violations.

*Plaintiffs Damages*

35. As a result of defendants actions, the Plaintiff's creditworthiness has been negatively impacted due to the materially misleading credit reporting, which is being misinterpreted.

36. defendants' inaccurate, incomplete, and misleading reporting, has caused Plaintiff to experience exacerbated emotional distress, fear, sleeplessness, anxiety, and a significant loss of time, along with severe bruxism induced by nighttime stress.

37. The Plaintiff must wear a nightguard every night to prevent further damage. Additionally, the Plaintiff has lost weight due to stress and experienced a diminished appetite due to this stress.

38. The Plaintiff's credit report was distributed multiple times, leading to a denial of credit by Goldman Sachs Bank USA on January 11, 2025.

39. Lvnv furnished materially misleading and incomplete credit information by failing to report payments made by Plaintiff on the account, thereby creating an inaccurate and adverse representation of the account history. This false and incomplete reporting misrepresented Plaintiff's efforts to satisfy the debt, falsely implying total nonpayment and unfairly damaging Plaintiff's creditworthiness in violation of 15 U.S.C. § 1681s-2(b).

40. defendants' actions caused harm to Plaintiff by negatively impacting their credit reputation, financial standing, and ability to obtain credit on favorable terms.

### Count 1 Violation of the Fair Credit Reporting Act

### 15 U.S.C. §1681s-2(b)(1)(A)

41. All preceding paragraphs are re-alleged.

42. Under the Fair Credit Reporting Act, furnishers of credit information are obligated to investigate disputes received from a consumer reporting agency concerning the accuracy and completeness of an account raised by a consumer.

43. Furnishers are required to investigate the disputed information in accordance with 15 U.S.C. § 1681s-2(b)(1)(A).

44. Defendants have consistently failed to investigate the plaintiff's disputes. They were aware or should have been aware that they were providing incomplete and inaccurate on each instancr. Regarding the account status and the actual payment information, as they received multiple disputes highlighting these inaccuracies and omissions.

45. Defendants' actions, which involved either not conducting an investigation or failing to perform a reasonable investigation, violated 15 U.S.C. § 1681s-2(b)(1)(A). This makes defendants liable for actual, statutory, and punitive damages, as well as costs under 15 U.S.C. § 1681n. Additionally, Defendant's negligent actions entitle the plaintiff to recover under 15 U.S.C. § 1681o.

### Count 2 Violation of the Fair Credit Reporting Act

### 15 U.S.C. §1681s-2(b)(1)(B)

46. All preceding paragraphs are realleged.

47. Furnishers of credit information are required under the Fair Credit Reporting Act to investigate disputes received from a consumer reporting agency about the accuracy and completeness of an account raised by a consumer.

48. Furnishers are required to review all relevant information provided by the consumer reporting agency pursuant to 15 U.S.C § 1681s-2(b)(1)(B).

49. Defendants' have failed to review all relevant information provided by the consumer reporting agencies resulting in the continued inaccurate and incomplete reporting to the plaintiff's consumer report.

50. Defendants' actions violated 15 U.S.C § 1681s-2(b)(1)(B) and renders defendants liable for actual, statutory, and punitive damages and cost under 15 U.S.C § 1681n. defendants' negligent actions entitles plaintiff to recovery under 15 U.S.C § 1681o as well.

## **Count 3 Violation of the Fair Credit Reporting Act**

## **15 U.S.C. §1681s-2(b)(1)(C)**

51. All preceding paragraphs are realleged.

52. Under the Fair Credit Reporting Act, furnishers of credit information have a responsibility to investigate disputes about account accuracy or completeness when a consumer reports them through a credit reporting agency.

53. Under 15 U.S.C. § 1681s-2(b)(1)(C), furnishers are required, pursuant to the law, to report the results of their investigation to the consumer reporting agency.

54. Defendants have failed to report the investigation results to the consumer reporting agency, as the inaccurate and incomplete items disputed by the Plaintiff remain unchanged.

55. Defendants either failed to conduct an investigation or performed an unreasonable one, as the disputed items remain inaccurate and incomplete. As a result, they would be unable to report the findings of an investigation they did not properly conduct or complete to the consumer reporting agencies.

56. Defendants' actions violated 15 U.S.C. § 1681s-2(b)(1)(C), making them liable for actual, statutory, and punitive damages, as well as costs, under 15 U.S.C. § 1681n. Additionally, defendants' negligence entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

## **Count 4  Violation of the Fair Credit Reporting Act**

### 15 U.S.C. §1681s-2(b)(1)(D)

57. All preceding paragraphs are realleged.

58. Under the Fair Credit Reporting Act, furnishers of credit information are obligated to investigate disputes about the accuracy and completeness of an account when these disputes are forwarded to them by a consumer reporting agency on behalf of a consumer.

59. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(D), if an investigation reveals that the information is incomplete or inaccurate, furnishers are required to report the results to **ALL** consumer reporting agencies to which they provided the information, and that maintain nationwide files on the Plaintiff.

60. Defendants either failed to conduct an investigation or conducted an unreasonable one, and as a result, did not report the findings regarding the inaccurate and incomplete information it provided to **ALL** consumer reporting agencies, in violation of 15 U.S.C. § 1681s-2(b)(1)(D).

61. Defendants' actions violated 15 U.S.C. § 1681s-2(b)(1)(D), making the company liable for actual, statutory, and punitive damages, as well as costs, under 15 U.S.C. § 1681n. Additionally, defendant's negligence entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

### Count 5  Violation of the Fair Credit Reporting Act

### 15 U.S.C. §1681s-2(b)(1)(E)

62. All preceding paragraphs are realleged.

63. Under the Fair Credit Reporting Act, furnishers of credit information are obligated to investigate disputes concerning the completeness and accuracy of an account that are submitted to them by a consumer reporting agency on behalf of a consumer.

64. Under 15 U.S.C. § 1681s-2(b)(1)(E), if a disputed item of information is determined to be inaccurate, incomplete, or unverifiable after a reinvestigation, the furnishers must promptly modify, delete, or permanently block the reporting of that information to the consumer reporting agency, as appropriate based on the results of the reinvestigation.

65. defendants' either did not conduct an investigation or conducted an unreasonable one, which led to the verification of inaccurate and incomplete disputed items on the Plaintiff's consumer report.

66. Defendants willful actions led to its failure to properly modify the disputed items, delete them, or permanently block the reporting of those disputed items.

67. Defendants actions violated 15 U.S.C § 1681s-2(b)(1)(E) and renders Defendants liable for actual, statutory, and punitive damages and cost under 15 U.S.C § 1681n. Defendant's negligent actions entitles plaintiff to recovery under 15 U.S.C § 1681o as well.

68. Defendants actions violated 15 U.S.C. § 1681s-2(b)(1)(E), making the company liable for actual, statutory, and punitive damages, as well as costs, under 15 U.S.C. § 1681n. Additionally, Defendant's negligent conduct entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

## Count 6 Violation of the Fair Debt Collection Practices Act

## 15 U.S.C. § 1692 et seq

69. All preceding paragraphs are re-alleged.

70. Under the Fair Debt Collection Practices Act, debt collectors are prohibited from using false, deceptive, or misleading representations or means in connection with the collection of any debt, as outlined in 15 U.S.C. § 1692e.

71. Debt collectors are also prohibited from using unfair or unconscionable means to collect or attempt to collect a debt, as outlined in 15 U.S.C. § 1692f.

72. Defendants have repeatedly engaged in conduct that violated § 1692e by making false representations regarding the plaintiff's debt, including but not limited to misleading statements about the amount owed, the status of the debt, or the consequences of non-payment.

73. Defendants have further violated § 1692f by employing unfair collection tactics, such as threatening legal action without intending to take such action, demanding payments not authorized by the agreement, and charging fees that are not permissible under the law.

74. defendants' actions, which included the use of misleading representations and unfair collection methods, constitute violations of 15 U.S.C. § 1692e and § 1692f. As a result, Defendants are liable for actual and statutory damages, as well as costs, under 15 U.S.C. §§ 1692ka(1) and 1692k(a)(2)(A)

## Count 7 Violation of New York General Business Law § 349

75. All preceding paragraphs are re-alleged.

76. Under New York General Business Law § 349, it is unlawful for any person or entity to engage in deceptive acts or practices in the conduct of any business, trade, or commerce.

77. Defendants have engaged in deceptive practices by making materially misleading statements and representations regarding the plaintiff's account and obligations. These false representations were made with the intent to deceive and mislead the plaintiff into taking actions based on incorrect or incomplete information.

78. Defendants' actions, which include false advertising, misleading claims, and deceptive business practices, are violations of New York General Business Law § 349. As a result, Defendants are liable for actual damages or $50, whichever is greater, and may be subject to enhanced damages up to $1,000 under § 349(h), along with attorney's fees.

## JURY DEMAND AND PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Isaac Pettigrew, respectfully demands a jury trial and requests that judgment be entered in favor of the Plaintiff against the Defendants for:

(a) Violating the Fair Credit Reporting Act.

(b) Damages pursuant to 15 U.S.C § 1681n(a)(1)(B) of $1000 per defendant's violation.

(c) Punitive damages as the court may allow pursuant to 15 U.S.C § 1681n(a)(2) and for such other and further relief as the court may deem just and proper.

(d) Violating the Fair Debt Collection Practices Act (FDCPA)

(e) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) of up to $1,000 for each violation of the FDCPA per defendant.

(f) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

(g) Violating the New York General Business Law § 349

(h) Damages pursuant to N.Y. Gen. Bus. Law § 349(h) of up to $1,000 per defendant per violation.

(i) Punitive damages as the court may allow and for such other and further relief as the court may deem just and proper.

Respectfully submitted,

## CERTIFICATION AND CLOSING

**Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**


_____

# EXHIBIT A

| | | | |
|---|---|---|---|
| Date of Last Activity | | Scheduled Payment Amount | $0 |
| Months Reviewed | 37 | Delinquency First Reported | |
| Activity Designator | | Creditor Classification | FINANCIAL |
| Deferred Payment Start Date | | Charge Off Amount | |
| Balloon Payment Date | | Balloon Payment Amount | |
| Loan Type | Debt Buyer Account | Date Closed | |
| Date of First Delinquency | May 12, 2020 | | |

**Comments**

Consumer disputes this account information
Collection account

**Contact**

LVNV FUNDING LLC
CARE OF RESURGENT CAPITAL SERVICES L.P
PO BOX 1269
Greenville, SC  29602
(866) 464-1183

Inaccurate

EQUIFAX    ISAAC PETTIGREW | Oct 05, 2024    Page 34 of 47

Summary › Revolving › Mortgage › Installment › Other › Statements › Personal Info › Inquiries › Public Records › Collections

LVNV FUNDING LLC  426937203361****

## Account Information

| | |
|---|---|
| Address | C/O RESURGENT CAPITAL SERVICES,PO BOX 1269 GREENVILLE, SC 29603 |
| Phone | (877) 527-4484 |
| Date Opened | 04/22/2021 |
| Responsibility | Individual Account |
| Account Type | Open Account |
| Loan Type | FACTORING COMPANY ACCOUNT |
| Balance | $1,485 |
| Date Updated | 10/07/2024 |
| Payment Received | 0 |
| Last Payment Made | 06/12/2023 |
| High Balance | $1,298 |
| Original Creditor | CITIBANK NA |
| Past Due | $1,48 |
| Pay Status | >Collection |
| Estimated month and year this item will be removed | 04/2027 |
| Remarks | Account information disputed by consumer (FCRA); >PLACED FOR COLLECTION< |

**EXHIBIT B**

**Inaccurate**

## Satisfactory Accounts

The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

DEPT OF ED / NELNET  90000069282****

## Account Information

# 5. Other Accounts

Other accounts are those that are not already identified as Revolving, Mortgage or Installment Accounts such as child support obligations or rental agreements.

## 5.1 LVNV FUNDING LLC (CLOSED)

### Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| Account Number | xxxxxxxxxxxx 7847 | Reported Balance | $1,495 |
|---|---|---|---|
| Account Status | COLLECTION | Available Credit | -$1,495 |

### Account History

The tables below show up to 24 months historical data. If a table is blank, this data was not provided to Equifax.

**Balance**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | $1,298 | $1,298 | $1,298 | $1,273 | $1,248 | $1,223 | $1,223 | $1,223 |
| 2024 | $1,223 | $1,223 | $1,223 | $1,223 | $1,223 | $1,223 | $1,223 | $1,226 | $1,482 | $1,486 | $1,487 | $1,490 |
| 2025 | $1,492 | | | | | | | | | | | |

**Scheduled Payment**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | $0 | | |
| 2025 | | | | | | | | | | | | |

**Actual Payment**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | $0 | | |
| 2025 | | | | | | | | | | | | |

**Credit Limit**



EXHIBIT C

Where are the payments?