THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Isaac Pettigrew        Claimant, | )<br>)<br>) |
| v. | ) Case No. 25-CV-1539<br>) |
| LVNV Funding LLC<br>Resurgent Capital Services L.P | ) Jury Trial    Yes ✓   No<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. This action arises out of multiple violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq., hereinafter "FDCPA"), the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq., hereinafter "FCRA"), and New York General Business Law § 349 (hereinafter "GBL § 349") by LVNV Funding LLC and Resurgent Capital Services L.P, hereinafter "LVNV" and "Resurgent," in their repeated unlawful efforts to collect and/or report inaccurate credit information regarding the Plaintiff.

## BASIS OF JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C § 1681(p), and 28 U.S.C § 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff claim occurred in this judicial district.

## PARTIES

3. Claimant, Isaac Pettigrew (hereinafter "Plaintiff") is a resident of New York County in the state of New York state, a natural person, and a consumer as defined in 15 U.S.C § 1681a(c).

4. Upon information and belief, Defendants LVNV Funding LLC ("LVNV") and Resurgent Capital Services LP ("Resurgent") are each a "person" as defined under 15 U.S.C. § 1681a(b) of the Fair Credit Reporting Act.

5. Defendant Resurgent is a collection agency and debt collector doing business at all relevant times in the State of New York. It may be served with process at 80 State Street, Albany, NY 12207, c/o Corporation Service Company.

6. Upon information and belief, Resurgent Capital Services LP ("Resurgent") acts as a third-party servicer and agent for accounts owned by LVNV Funding LLC, including the account at issue in this case.

7. Resurgent is a "debt collector" as defined under 15 U.S.C. § 1692a(6). Resurgent engages in collection activity and may assist in the management of credit reporting and consumer disputes as part of its servicing duties.

8. Defendant LVNV Funding LLC ("LVNV") is a debt buyer that purchases defaulted or charged-off consumer accounts. LVNV is the named entity on the tradeline reported to credit reporting agencies regarding the Plaintiff's account.

9. Upon information and belief, LVNV furnishes account-level data to consumer reporting agencies and retains Resurgent to service accounts, manage disputes, and communicate with consumers.

## FACTS OF THE ALLEGATIONS

10. On or about October 17, 2024, Plaintiff reviewed his Equifax credit report and observed inaccurate information regarding the actual payment section on his account ending in 7847.

11. Plaintiff filed a dispute with Equifax on the same day regarding the incomplete and inaccurate actual payment information for the aforementioned account.

12. Equifax subsequently forwarded the dispute to the Defendants. The dispute results were marked as "verified" on October 21, 2024, under Equifax Dispute Reference #4291554962. (See Exhibit A)

13. Defendants did not request any additional documentation or information prior to updating the account status.

14. Defendants failed to provide or produce any account-level documentation prior to updating the account status.

15. Plaintiff submitted multiple disputes regarding the same account. Despite this, Defendants repeatedly failed to update, block, or delete the inaccurate information as required under the Fair Credit Reporting Act.

16. Upon information and belief, despite receiving multiple disputes submitted through Equifax, Defendants failed to conduct a reasonable investigation into the disputed account information. The continued reporting of inaccurate data, without correction, suggests noncompliance with Defendants' obligations under the Fair Credit Reporting Act to reinvestigate disputes and ensure the accuracy of consumer credit information.

17. On or about May 11, 2025, Plaintiff reviewed his Experian consumer report and identified an inquiry from Resurgent, dated April 9, 2025. (See Exhibit B)

18. Upon information and belief, Resurgent has not produced any documentation evidencing a lawful basis for accessing Plaintiff's consumer report, servicing contract, or proof of assignment. Without such documentation, Resurgent's inquiry appears to have been made without a statutorily recognized permissible purpose under 15 U.S.C. § 1681b.

19. Plaintiff maintains a statutory right to privacy in his consumer credit data. Defendant's inquiry, made without prior notice or documented authority, caused an invasion of privacy and violated Plaintiff's rights under the FCRA.

20. Resurgent's conduct, as alleged, reflects a failure to comply with the statutory requirements imposed by the Fair Credit Reporting Act concerning access to consumer information. Plaintiff has suffered informational and privacy-related harm as a result of this unauthorized access.

21. Plaintiff reasonably believes that, absent intervention from this Court, Defendant Resurgent may continue to access consumer reports without first establishing a lawful basis.

*Plaintiffs Damages and Injury In fact*

22. As a result of Defendants' actions, Plaintiff's creditworthiness has been materially and negatively affected due to inaccurate, incomplete, and misleading credit reporting.

23. The false and adverse information furnished by Defendants was repeatedly misinterpreted by third parties, leading to a denial of credit by Goldman Sachs Bank USA on or about January 11, 2025, and further damaging Plaintiff's financial standing and reputation.

24. LVNV furnished materially misleading credit data by failing to report payments made by Plaintiff, thereby falsely implying total nonpayment and violating 15 U.S.C. § 1681s-2(b). This misrepresentation amplified the harm to Plaintiff's credit report and creditworthiness.

25. Defendants' actions have caused Plaintiff substantial emotional distress, including anxiety, fear, loss of sleep, panic attacks, and a persistent sense of helplessness. Plaintiff has experienced ongoing symptoms consistent with anxiety, which have been significantly exacerbated by Defendants' conduct.

26. Plaintiff developed worsened bruxism (stress-induced teeth grinding), requiring the nightly use of a dental night guard and professional treatment. Plaintiff has experienced unintended weight loss and appetite suppression directly linked to stress caused by Defendants' conduct.

27. While Plaintiff was previously diagnosed with bruxism, the stress and emotional distress caused by Defendants' conduct significantly worsened the condition, leading to extensive damage as confirmed by Plaintiff's dental provider. This aggravation of a preexisting condition constitutes actual harm for which Plaintiff seeks recovery.

28. Defendants' unauthorized access to Plaintiff's credit report, in violation of 15 U.S.C. § 1681b(f), constituted a serious invasion of privacy. Plaintiff never consented to such access and had no existing account with Resurgent. This unconsented intrusion triggered a heightened fear of identity misuse and loss of control over private financial data.

29. Plaintiff has suffered a particularized and actual injury as a result of these actions. The injuries are concrete and traceable to Defendants' conduct and are redressable by this court through statutory, actual, and punitive damages.

30. Plaintiff lost considerable time researching his rights, preparing disputes, and seeking legal remedies to correct the unlawful reporting and unauthorized credit pulls. This disruption has further contributed to emotional exhaustion.

31. Defendants' conduct was willful or undertaken with reckless disregard for Plaintiff's rights, and continued access or collection activity without intervention will likely result in further harm.

32. A favorable decision by this Court will redress Plaintiff's injuries and serve to deter Defendants from future violations of law involving Plaintiff or other consumers.

## Count 1 Violation of the Fair Credit Reporting Act

### 15 U.S.C. §1681s-2(b)(1)(A)

33. All preceding paragraphs are re-alleged.

34. Under the Fair Credit Reporting Act, furnishers of credit information are obligated to investigate disputes received from a consumer reporting agency concerning the accuracy and completeness of an account raised by a consumer.

35. Furnishers are required to investigate the disputed information in accordance with 15 U.S.C. § 1681s-2(b)(1)(A).

36. Plaintiff submitted multiple disputes regarding the accuracy and completeness of the tradeline, including issues related to payment information. Despite being on notice of

these disputes, Defendants failed to conduct a reasonable investigation or correct the misleading information furnished to the credit reporting agencies.

37. Defendants' actions, which involved either not conducting an investigation or failing to perform a reasonable investigation, violated 15 U.S.C. § 1681s-2(b)(1)(A). This makes defendants liable for actual, statutory, and punitive damages, as well as costs under 15 U.S.C. § 1681n. Additionally, Defendant's negligent actions entitle the plaintiff to recover under 15 U.S.C. § 1681o.

**Count 2  Violation of the Fair Credit Reporting Act**

**15 U.S.C. §1681s-2(b)(1)(B)**

38. All preceding paragraphs are realleged.

39. Furnishers of credit information are required under the Fair Credit Reporting Act to investigate disputes received from a consumer reporting agency about the accuracy and completeness of an account raised by a consumer.

40. Furnishers are required to review all relevant information provided by the consumer reporting agency pursuant to 15 U.S.C § 1681s-2(b)(1)(B).

41. Defendants' have failed to review all relevant information provided by the consumer reporting agencies resulting in the continued inaccurate and incomplete reporting to the plaintiff's consumer report.

42. Defendants' actions violated 15 U.S.C § 1681s-2(b)(1)(B) and renders defendants liable for actual, statutory, and punitive damages and cost under 15 U.S.C § 1681n. defendants' negligent actions entitles plaintiff to recovery under 15 U.S.C § 1681o as well.

## Count 3 Violation of the Fair Credit Reporting Act

### 15 U.S.C. §1681s-2(b)(1)(C)

43. All preceding paragraphs are realleged.

44. Under the Fair Credit Reporting Act, furnishers of credit information have a responsibility to investigate disputes about account accuracy or completeness when a consumer reports them through a credit reporting agency.

45. Under 15 U.S.C. § 1681s-2(b)(1)(C), furnishers are required, pursuant to the law, to report the results of their investigation to the consumer reporting agency.

46. Defendants have failed to report the investigation results to the consumer reporting agency, as the inaccurate and incomplete items disputed by the Plaintiff remain unchanged.

47. Defendants' either failed to conduct an investigation or performed an unreasonable one, as the disputed items remain inaccurate and incomplete. As a result, they would be unable to report the findings of an investigation they did not properly conduct or complete to the consumer reporting agencies.

48. Defendants' actions violated 15 U.S.C. § 1681s-2(b)(1)(C), making them liable for actual, statutory, and punitive damages, as well as costs, under 15 U.S.C. § 1681n. Additionally, defendants' negligence entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

## Count 4  Violation of the Fair Credit Reporting Act

### 15 U.S.C. §1681s-2(b)(1)(D)

49. All preceding paragraphs are realleged.

50. Under the Fair Credit Reporting Act, furnishers of credit information are obligated to investigate disputes about the accuracy and completeness of an account when these disputes are forwarded to them by a consumer reporting agency on behalf of a consumer.

51. Pursuant to 15 U.S.C. § 1681s-2(b)(1)(D), if an investigation reveals that the information is incomplete or inaccurate, furnishers are required to report the results to all consumer reporting agencies to which they provided the information, and that maintain nationwide files on the Plaintiff.

52. Defendants' either failed to conduct an investigation or conducted an unreasonable one, and as a result, did not report the findings regarding the inaccurate and incomplete information it provided to all consumer reporting agencies, in violation of 15 U.S.C. § 1681s-2(b)(1)(D).

53. Defendants' actions violated 15 U.S.C. § 1681s-2(b)(1)(D), making the company liable for actual, statutory, and punitive damages, as well as costs, under 15 U.S.C. § 1681n. Additionally, defendant's negligence entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

### Count 5  Violation of the Fair Credit Reporting Act
### 15 U.S.C. §1681s-2(b)(1)(E)

54. All preceding paragraphs are realleged.

55. Under the Fair Credit Reporting Act, furnishers of credit information are obligated to investigate disputes concerning the completeness and accuracy of an account that are submitted to them by a consumer reporting agency on behalf of a consumer.

56. Under 15 U.S.C. § 1681s-2(b)(1)(E), if a disputed item of information is determined to be inaccurate, incomplete, or unverifiable after a reinvestigation, the furnishers must promptly modify, delete, or permanently block the reporting of that information to the consumer reporting agency, as appropriate based on the results of the reinvestigation.

57. Defendants' either did not conduct an investigation or conducted an unreasonable one, which led to the verification of inaccurate and incomplete disputed items on the Plaintiff's consumer report.

58. Defendants' willful actions led to its failure to properly modify the disputed items, delete them, or permanently block the reporting of those disputed items.

59. Defendants' actions violated 15 U.S.C § 1681s-2(b)(1)(E) and renders Defendants liable for actual, statutory, and punitive damages and cost under 15 U.S.C § 1681n. Defendants' negligent actions entitles plaintiff to recovery under 15 U.S.C § 1681o as well.

60. Defendants' actions violated 15 U.S.C. § 1681s-2(b)(1)(E), making the company liable for actual, statutory, and punitive damages, as well as costs, under 15 U.S.C. § 1681n. Additionally, Defendant's negligent conduct entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

    a. Defendants knew or should have known that the information being furnished to consumer reporting agencies was incomplete or inaccurate and acted with reckless disregard for their obligations under the FCRA.

**Count 6 Violation of the Fair Debt Collection Practices Act**

**15 U.S.C. § 1692 et seq**

61. All preceding paragraphs are re-alleged.

62. Under the Fair Debt Collection Practices Act, debt collectors are prohibited from using false, deceptive, or misleading representations or means in connection with the collection of any debt, as outlined in 15 U.S.C. § 1692e.

63. Debt collectors are also prohibited from using unfair or unconscionable means to collect or attempt to collect a debt, as outlined in 15 U.S.C. § 1692f.

64. Defendants continued to report inaccurate information to consumer reporting agencies following receipt of Plaintiff's formal disputes. This included the failure to report payment history and inaccurate payment status on the tradeline associated with Plaintiff's account.

65. Defendants' conduct misrepresented the accuracy, completeness, and character of the reported information and was likely to mislead third parties reviewing Plaintiff's credit report.

    a. Upon information and belief, Defendants failed to verify the disputed information prior to re-reporting it as accurate, and did not provide supporting documentation or correction despite receiving multiple disputes.

    b. By continuing to report incomplete or inaccurate payment history and account status after notice of dispute, Defendants violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character or amount of the alleged debt.

    c. Defendants' actions further violated 15 U.S.C. § 1692f(1), as they engaged in unfair practices by reporting disputed, unverified, and misleading information without substantiating its accuracy, thereby harming Plaintiff's creditworthiness.

66. These actions constitute violations of 15 U.S.C. §§ 1692e and 1692f. As a result, Defendants are liable for actual damages, statutory damages, and costs pursuant to 15 U.S.C. §§ 1692k(a)(1) and 1692k(a)(2)(A).

### Count 7 Violation of New York General Business Law § 349

67. All preceding paragraphs are re-alleged.

68. Under New York General Business Law § 349, it is unlawful for any person or entity to engage in deceptive acts or practices in the conduct of any business, trade, or commerce.

69. Defendants engaged in deceptive business practices by furnishing materially misleading information regarding Plaintiff's account, including omitting payments made and inaccurately reporting the account as in total nonpayment. These inaccuracies created a false impression of Plaintiff's credit history and obligations.

70. Upon information and belief, Defendants knew or should have known that these representations were misleading and unsupported by proper documentation, and they failed to investigate or correct them even after Plaintiff submitted multiple disputes.

71. Defendants' conduct was consumer-oriented and capable of misleading a reasonable consumer, and in fact did mislead Plaintiff, causing harm to his credit standing and emotional distress.

72. Defendants' actions constitute violations of New York General Business Law § 349. As a result, Plaintiff is entitled to actual damages or $50 (whichever is greater), and treble damages up to $1,000 pursuant to § 349(h), along with all other appropriate relief.

### Count 8 Violation of the Fair Credit Reporting Act

**15 U.S.C. §1681b(f)**

73. All preceding paragraphs are re-alleged.

74. Resurgent has violated 15 U.S.C. § 1681b(f) by obtaining the Plaintiff's consumer report without a permissible purpose.

75. Resurgent's violations include but are not limited to the following:

    a. Resurgent violated 15 U.S.C. § 1681b(f) by failing to have a permissible purpose to obtain Plaintiff's consumer report pursuant to 15 U.S.C. § 1681b.

    b. Plaintiff never gave written permission for Resurgent to obtain his consumer report.

    c. Plaintiff does not have an account, which is defined under and has the same meaning under the Electronic Funds Transfer Act, 15 U.S.C. § 1693a(2), with Resurgent.

    d. Pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693a(2), the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section 1602(l) of this title), as described in regulations of the Bureau, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement.

    e. Resurgent does not have an account with the Plaintiff according to the definition above.

76. As a result of this conduct, Plaintiff suffered damage from invasion of privacy, which led to anxiety, emotional distress, loss of time, fear, and loss of sleep.

77. As a result of Resurgent's violations of the Fair Credit Reporting Act, the Defendant is liable under 15 U.S.C. § 1681n(a)(1)(A) for damages of $1,000 per violation, and under 15 U.S.C. § 1681n(a)(2).

## JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff Isaac Pettigrew respectfully requests that the Court enter judgment in his favor and against Defendants, jointly and severally, and award the following relief, and that the matter be tried by a jury:

(a) Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) of up to $1,000 per defendant for willful violations of the Fair Credit Reporting Act (FCRA);

(b) Punitive damages for willful violations of the FCRA pursuant to 15 U.S.C. § 1681n(a)(2);

(c) Actual damages pursuant to 15 U.S.C. § 1681o and/or § 1692k(a)(1) for injuries including emotional distress, reputational harm, and credit damage;

(d) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) of up to $1,000 per defendant for violations of the Fair Debt Collection Practices Act (FDCPA);

(e) Statutory damages under N.Y. Gen. Bus. Law § 349(h) of $50 per action or actual damages, and treble damages up to $1,000 total as the court may allow;

(f) Injunctive relief as permitted under applicable law;

(g) Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

*(signature)*
Isaac Pettigrew
235 East 95th Street Apt 1B
New York, NY 10128
917-294-0757
Ip.access.090@gmail.com

Date: October 21, 2024
Confirmation # 4291554962

## Dispute Results At-a-Glance

The results of the dispute you filed on 10/17/2024 with Equifax are complete. At-a-glance, here is the status of the item(s) included in your dispute:

- ☐ **LVNV FUNDING LLC:** Account *7847     **VERIFIED AS REPORTED**

## How should I read my dispute results?

- **"Deleted"** means, we have removed the item from your credit report.
- **"Updated"** means, we have updated one or more fields on the item based on the information you provided us with or that we received from the reporting company.
- **"Verified as Reported"** means, the reporting company has certified it is reporting the item accurately.

For an added convenience, use one of the below options to start a new dispute or check the status of a dispute in-process.

Visit us at equifax.com/personal/disputes or Call us toll-free at 888-EQUIFAX (888- 378-4329).

## Dispute Results - Details

### Credit Account Information

This section includes open and closed Revolving, Installment, and Mortgage accounts reported by creditors.

**Contact:** LVNV FUNDING LLC | CARE OF RESURGENT CAPITAL SERVICES L.P, PO BOX 1269, Greenville, SC, 29602 | (866) 464-1183

**The reason you disputed this item:** The status, payment history, or payment rating on this account is not correct.

**The results are:** VERIFIED AS REPORTED

We received more information on this item. The creditor told us that the reported status is correct. The creditor told us that the reported pay history is correct.

**Following fields updated:** Balance, Amount Past Due, Actual Payment Amount, Scheduled Payment Amount, Date of Last Payment, Date of Major Delinquency 1st Reported, Portfolio Status, Additional Information



## 5. Other Accounts

Other accounts are those that are not already identified as Revolving, Mortgage or Installment Accounts such as child support obligations or rental agreements.

### 5.1 LVNV FUNDING LLC (CLOSED)

#### Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| Account Number | xxxxxxxxxxxx 7847 | Reported Balance | $1,498 |
|---|---|---|---|
| Account Status | COLLECTION | Available Credit | -$1,498 |

#### Account History

The tables below show up to 24 months historical data. If a table is blank, this data was not provided to Equifax.

**Balance**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | $1,273 | $1,248 | $1,223 | $1,223 | $1,223 |
| 2024 | $1,223 | $1,223 | $1,223 | $1,223 | $1,223 | $1,223 | $1,223 | $1,226 | $1,482 | $1,486 | $1,487 | $1,490 |
| 2025 | $1,492 | $1,495 | $1,497 | $1,498 | | | | | | | | |

**Scheduled Payment**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | $0 | | |
| 2025 | | | | | | | | | | | | |

**Actual Payment**

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | $0 | | |
| 2025 | | | | | | | | | | | | |


Where are the payments?

**Credit Limit**

